## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| COACH INC. AND COACH SERVICES, INC., | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No.  SA-10-CV-601-XR |
| SASSY COUTURE AND LYNETTE ZANARDI, | § § § § | |
| *Defendants*. | | |

### ORDER ON ATTORNEY FEES

On this date, the Court considered Plaintiffs' Motion Attorney's Fees against Defendant (Docket No. 60).  Defendant did not file any response to Plaintiffs' motion.  After consideration of the motion, the record, and the applicable law, the Court GRANTS IN PART Plaintiffs' motion for attorney's fees.

Plaintiffs requests total attorney fees in the amount of $72,620.90, and specifies attorney fee rates ranging from $345 -- $750, and paralegal rates ranging from $225 – $305.  Pursuant to the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a).  An "exceptional case is one in which the defendant's trademark infringement can be characterized as malicious, fraudulent, deliberate, or willful[.]" *Martin's Herend Imports v. Diamond & Gem Trading USA*, 112 F.3d 1296, 1305 (5th Cir. 1997).   In its order granting summary judgment in favor of Plaintiffs, the Court concluded that attorney fees were appropriate in this case.

The Court will determine the appropriate award amount by calculating the "lodestar": the

1

number of hours reasonably spent on the litigation multiplied by a reasonable hourly billing rate. *Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993) (*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *See Hensley*, 461 U.S. at 433-436. As a rule of thumb for the reasonableness of attorney's fees, the Court will use the factor test outlined in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974). *See Watkins*, 7 F.3d at 457.  The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-719.

The lodestar is presumptively reasonable, but may be modified in exceptional cases to account for any relevant *Johnson* factors that are not reflected in the lodestar. *Shipes v. Trinity Industries*, 987 F.2d 311, 320 (5th Cir. 1993). Any such adjustment must be justified by specific evidentiary findings and reasoning. *Id.*

**A.      Hourly Rate**s

**1.      Attorney Rates**

The affidavit submitted by Plaintiffs' counsel states that the hourly rate for attorneys working on this matter ranged from $345 – $750.  Plaintiffs' counsel asserts that these are reasonable hourly rates for attorney services in a trademark counterfeiting case in Texas.

Plaintiffs' counsel's rates exceed the average billing rate for attorneys in Texas.  Ms.

Arbaugh became licensed to practice law in 1995, and the average hourly rate in Texas for an attorney who has practiced for sixteen to twenty years is $244.  Mr. Johnson became licensed to practice law in 1998, and the average hourly rate in Texas for an attorney who has practiced eleven to fifteen years is $233.  Ms. Shalom has been licensed to practice law for less than two years, and the average hourly rate in Texas for an attorney who has practiced less than two years is $189.  However, the Court notes that the average hourly rate for intellectual property attorneys in Texas is $324, and that the average hourly rate for attorneys working at a Texas firm the size of Plaintiffs' counsel's firm ranges from $319 – $388.

The Court must also take into account the *Johnson* factors.  The Court notes that Ms. Arbaugh has extensive professional experience in complex intellectual property and trademark litigation.  Mr. Johnson is a principal at his firm and has been licensed to practice for approximately fifteen years, however the affidavit provided by Plaintiffs' counsel indicates that his services in this case were limited to "editing filings."  Finally, Ms. Shalom has been licensed to practice for less than two years, and nothing indicates that she possesses any unique skill that would justify an hourly rate beyond that of an average attorney with less than two years experience.  Finally, the Court notes that this case did not pose any novel questions of law, and that there is no indication that the case precluded Plaintiffs' counsel from working on other matters or was otherwise unusually time consuming.  Accordingly, the Court concludes that the appropriate hourly rates are: $388 for Ms. Arbaugh; $388 for Mr. Johnson; and $189 for Ms. Shalom.

## 2.    Paralegal Hourly Rates

The affidavit submitted by Plaintiffs' counsel states that the hourly rate for the paralegals working on this matter ranged from $225 -- $350.  A review of cases in Texas federal district courts

for the past two years reveals that this rate is excessive.[1]  The Court therefore reduces the hourly paralegal rate to $90 per hour.

## B.    Hours Billed

It appears that Plaintiffs' counsel is seeking attorney and paralegal fees for all hours billed in relation to this litigation.  The Court must determine the appropriate compensable hours based on the attorneys' time records, and compensate only for those hours reasonably spent in relation to prevailing claims.  *Shipes v. Trinity Industries*, 987 F.2d 311, 320 (5th Cir. 1993) (citing *Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir. 1990), *vacated in part*, 903 F.2d 352 (5th Cir. 1990)).  Plaintiffs' counsel's affidavit indicates that Ms. Arbaugh spent 48.7 hours on this matter, that Ms. Shalom spent 99.9 hours on this matter, and that Mr. Johnson spent 1.2 hours on this matter.  In support of their assertion that the amount of hours billed on this case was reasonable, Plaintiffs' counsel submitted detailed time records evidencing how their time was spent on this case.  The Court has carefully reviewed the entries, and determines that the amount of hours billed was reasonable.

Multiplying the hourly rate by the hours billed results in an attorney fee award in the amount of $18,895.60 for Ms. Arbaugh's time; $456.60 for Mr. Johnson's time; and $18,881.10 for Ms. Shalom's time.  Accordingly, Plaintiffs are entitled to a total award of $38,233.30 for attorney fees.

---

[1]*See Chaucer Corporate Capital v. Azad*, No. 4:11-CV-3031, 2012 U.S. Dist. LEXIS 93557, at *4-5 (S.D. Tex. July 2, 2012) (awarding $95/hour for paralegal services); *In re Heartland Payment Sys.*, No. 09-2046, 2012 U.S. Dist. LEXIS 37326, at *138 (S.D. Tex. March 20, 2012) (awarding $90/hour for paralegal services); *Branch Banking & Trust Co. v. Gedalia*, No. 4:10-CV-461, 2012 U.S. Dist. LEXIS 6272, at *22-23 (E.D. Tex. Jan. 19, 2012) (awarding $75 to $85/hour for paralegal services); *Gromer v. Mack*, No. 3:11-CV-0682-D, 2012 U.S. Dist. LEXIS 847, at *3-5 (N.D. Tex. Jan. 4, 2012) (awarding $125/hour for paralegal services); *Vargas v. Astrue*, No. EP-10-CV-0254-NJG, 2011 U.S. Dist. LEXIS 139489, at *4 (W.D. Tex. Aug. 9, 2011) (awarding $75/hour for paralegal services); *Flores v. Astrue*, EP-07-CV-447-NJG, 2010 U.S. Dist. LEXIS 144062 (W.D. Tex. Jan. 11, 2010) (awarding $60/hour for paralegal services).

In addition, paralegals on this matter billed a total of 18.1 hours to the case.  Multiplying those hours by the hourly rate, results in an award of $1,629.

### Conclusion

The Court concludes that Plaintiffs are entitled to a reduced award of attorney fees and paralegal services and hereby GRANTS IN PART Plaintiffs' Motion for Attorney Fees.  IT IS THEREFORE ORDERED that Plaintiffs are awarded  $39,862.30 in attorney fees.

It is so ORDERED.

SIGNED this 7th day of August, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE